UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **MARGERITIA J. BAUSERMAN** ) | | |
| ) | **Case Number** | |
| ) | | |
| **Plaintiff** ) | **CIVIL COMPLAINT** | |
| vs. ) | | |
| ) | | |
| **DOMINION LAW ASSOCIATES** ) | | |
| ) | | |
| ) | **JURY TRIAL DEMANDED** | |
| **Defendant** ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Margeritia J. Bauserman, by and through her undersigned counsel, Robert R. Gillispie, of The Gillispie Law Firm, P.C. complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.      Plaintiff, Margeritia J. Bauserman, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and Defendant transacts business in this District and maintains primary offices in this District.

## III. PARTIES

4. Plaintiff, Margeritia J. Bauserman, is an adult natural person residing at 289 Wesley Chapel Lane, Cross Junction, VA 22625-1754. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Dominion Law Associates ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the states of Virginia with its principal place of business located at 222 Central Park Avenue, Virginia Beach, VA 23462-3026.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff retained the services of the law firm of Persels & Associates, LLC ("Persels") to help aid her in her debt negotiations.

8. Plaintiff owed a debt of approximately $2,500.00 on an HSBC account and with the help of Persels was able to negotiate a settlement agreement of $1,572.85 on or about October 4, 2009.

9. On or about that same day, October 4, 2009, Plaintiff received a letter from HSBC stating that they had accepted the Plaintiff's settlement proposal and once all funds cleared the bank the account would be considered settled and closed.

10. Additionally, the letter went on to state that it would be reported to the national consumer agencies as "account paid in full for less than the full balance."

11. Plaintiff through Persels sent the first installment on or before October 15, 2009 as agreed upon in the amount of $264.85.

12. The check was received and not returned.

13. On or about November 15, 2009, Plaintiff through Persels sent the second (2nd) payment of $261.60.

14. The check was received and not returned.

15. On or about December 15, 2009, Plaintiff sent the third (3rd) payment to HSBC in the amount of $261.60.

16. The check was received and not returned.

17. On or about January 6, 2010, Plaintiff was informed by letter from HSBC that their records indicated that the Plaintiff defaulted on their mutual agreement.

18. Plaintiff was unsure as to why she would receive this notice when she was making the payments and none of the payments had yet to be declined.

19. On or about January 15, 2010, Plaintiff continued to pay toward her settlement by forwarding the fourth (4th) payment to HSBC in the amount of $261.60.

20. This check was also received and not returned.

21. On or about February 15, 2010, Plaintiff again sent, with the help of Persels, the fifth (5th) installment of the settlement in the amount of $$261.60.

22. The check was received and not returned.

23. On or before March 15, 2010, Plaintiff sent the sixth and final payment to HSBC in the amount of $261.60.

24. This check was also received and not returned.

25. Plaintiff thought that everything was now paid in full.

26. On or about June 6, 2010, Plaintiff received a notice from Defendant stating that the last payment account was received on March 13, 2010, however they were still attempting to collect a debt.

27. Defendant's notice went on to state that Plaintiff still owed approximately $2,293.94.

28. On or about July 7, 2010, Plaintiff received another letter from Defendant stating that Defendant would be proceeding with legal action against her on behalf of HSBC if she did not take advantage of the settlement opportunity that was being offered immediately.

29. Defendant's letter went on to state that the Plaintiff now owed approximately $2,302.32.

30. Defendant's amount due continues to grow without explanation to the Plaintiff.

31. Plaintiff is still unsure as to why she continues to receive collection calls and notices from the Defendant on a debt that has been paid in full

32. On or about September 27, 2010, Plaintiff received notice from the Defendant that they were filing suit on behalf of HSBC.

33. Plaintiff was again asked to pay the total amount due, which is now listed as $2,393.35.

34. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which was to harass, oppress, or abuse such person in connection with the collection of a debt.

35. The Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

37. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

38. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain, and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

39. The above paragraphs are hereby incorporated herein by reference.

40.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

41.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d | Any conduct the natural consequence is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, Dominion Law Associates, for the following:

a.      Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**The Gillispie Law Firm, P.C.**

Date: November 19, 2010    BY:  */s/ Robert R. Gillispie*
Robert R. Gillispie

The Gillispie Law Firm, P.C.
Post Office Box 6025
Leesburg, VA 20178
571-252-7840   Fax 571-252-7843
Attorney for Plaintiff